ALBERTUS LARROWE, Appellant, *v.* HERMAN J. LEWIS *et al.*,
Respondents.

*Court of Appeals, June 16, 1891.*

*Contract. Construction.*—When, by the contract of sale, one price is to
be paid for all the ties the vendor should deliver, the vendee cannot ac-
cept both first and second class ties, and pay for the second class only
their actual value, in the absence of any provision in the contract to
that effect.

Appeal from judgment of the supreme court, general term,
fifth department, affirming judgment entered upon report of
referee, dismissing complaint.

*E. A. Nash*, for appellant.

*J. F. Parkhurst*, for respondents.

ANDREWS, J.—It is conceded that the defendants were
not paid any money in excess of that to which they were
entitled for ties delivered and accepted by the plaintiff, reck-
oning them at the price fixed by the contract. The claim of
the plaintiff is that the payments were made in advance, and
that as part of the ties delivered were, upon inspection by
the plaintiff's inspector, classified as seconds, and were, in
fact, seconds, that the plaintiff was not bound to pay there-
for the price of first-class ties, and consequently that he is
entitled to recover the deficiency as an over payment.

The difficulty is, that by the contract one price was to be
paid for all the ties the defendants should deliver. The
finding that the word " counted " means " inspected," might
authorize the rejection of all but first-class ties, but it does
not justify the conclusion that the plaintiff might accept both
classes, and pay only for the second class their actual value,

in the absence of any provision in the contract to that effect.

The plaintiff requested a finding that this was the custom in contracts of this kind. The evidence is contradictory upon the point, and the referee refused the request of the plaintiff to find the custom alleged, and to this refusal no exception was taken.

Upon the case as presented there appears to be no error in the record, and the judgment should, therefore, be affirmed.

All concur, except FINCH, J., absent.